UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO AYALA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>　　　　Defendant. | Case No. SA CV 12-0607 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Rodolfo Ayala ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinions of his treating physicians. (Joint Stip. at 3-10, 12.) The Court agrees with Plaintiff for the reasons stated below.

　　A.　　<u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003).  This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted).  The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

   B. <u>The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting the Opinions of Plaintiff's Treating Physicians</u>

Here, the ALJ provided a single reason for rejecting the opinions of Plaintiff's treating physicians: they all exceeded their roles by "opin[ing] that [Plaintiff] was disabled at various times."[2]  (AR at 16.)  This reason alone, however, is insufficient to discredit a treating opinion, much less multiple ones.[3]

---

[2]  While the *substance* of Plaintiff's treating records was discussed at length, the ALJ's *assessment* of those records was limited to this single reason.  (*Compare* AR at 14-16 *with* AR at 14.)  Though Defendant alludes two additional reasons for the ALJ's assessment (*i.e.*, Plaintiff's "infrequent" treatment history and the lack of any referrals to pain management), both are cited out of context.  (Joint Stip. at 12.)  Those two reasons serve to discredit Plaintiff's statements, not the treating physicians'.  (*See* AR at 14.)

[3]  Curiously, in making this credibility assessment, the ALJ spoke of Plaintiff's treating physicians as a single class without differentiating exactly which opinions were being discredited.  (*See* AR at 16 ("[t]he claimant's treatment providers had

2

True, the issue of disability is a legal one, and a treating physician's beliefs regarding it are not entitled to any deference. 20 C.F.R. § 404.1527(e). At the same time, however, such beliefs bear little weight on the validity of an accompanying medical assessment, which must be addressed separately. *Boardman v. Astrue*, 286 F. App'x 397, 399 (9th Cir. 2008). The ALJ wholly failed to discuss the *medical* value of the treating physicians' opinions, and thus a finding of error is appropriate.[4]

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited the opinions of his treating physicians. The Court thus determines that the ALJ's decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

### C. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

---

opined the claimant was disabled at various times since his initial injury to his right knee.").)

[4] Contrary to Defendant's suggestions, this conclusion does not change simply because the ALJ also gave significant weight to the opinions of the consultative examiner and state agency consultant. (Joint Stip. at 10-11.) Under the specific and legitimate standard, the ALJ must "set forth his own interpretations [of conflicting medical evidence] and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). No discussion of conflicting *medical* evidence was made here.

3

Here, in light of the ALJ's error, the credibility of the treating physicians' opinions must be properly assessed. Therefore, on remand, the ALJ shall reevaluate their opinions and either credit them as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[5]

Dated: July 29, 2013

_____

Hon. Jay C. Gandhi

United States Magistrate Judge

---

[5] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 12-16, 18-23, 26.)